UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
**ARMSTEAD RISK MANAGEMENT INC.,**

              Appellant,

        - against -

**461 MYRTLE AVENUE FUNDING LLC,**

              Appellee.
----------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**
20-CV-1163-AMD

**ANN M. DONNELLY,** United States District Judge:

On May 6, 2020, Armstead Risk Management Inc. appealed Bankruptcy Judge Elizabeth Stong's April 17, 2020 order in bankruptcy action No. 19-41489, which denied the appellant's request for reconsideration of the January 30, 2020 order confirming the second amended plan of liquidation, denied the appellant's motion to vacate the plan confirmation order, and denied the request to extend the plan exclusivity time *nunc pro tunc* for the debtor. (ECF No. 1 at 4.) The appellant filed the appeal *pro se*, but on May 14, 2020, I advised the appellant's President, Malik Armstead, that a corporation could not appear *pro se*. I directed the appellant to engage counsel and file a notice of appearance by June 29, 2020.

On June 30, 2020, over the appellee's objections, I extended the appellant's deadline to obtain counsel to August 11, 2020 and gave the appellant until August 21, 2020 to file its supporting brief. The appellant did not obtain counsel or file its brief by those dates. On August 28, 2020, I issued an order for the appellant to show cause why the action should not be dismissed for failure to prosecute. On September 4, 2020, Armstead submitted a letter to the Court explaining that COVID-19 had "impeded [his] ability to meet with prospective attorneys to review for this case in person." (ECF No. 10.) Out of an abundance of caution, I granted the

appellant an additional 60 days to obtain counsel and warned the appellant that if no attorney filed a notice of appearance on its behalf by November 10, 2020, the action would "be dismissed for failure to prosecute pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4)." (*See* Order dated Sept. 11, 2020.) As of the date of this Order, no counsel has appeared for the appellant.

For the reasons stated below, the appeal is dismissed for failure to prosecute.

## DISCUSSION

If "an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court or BAP, after notice, may dismiss the appeal on its own motion." Fed. R. Bankr. P. 8018(a)(4). "[W]hen considering dismissal of a bankruptcy appeal for failure to make timely initial filings, district courts 'should exercise discretion to determine whether dismissal is appropriate in the circumstances.'" *Koch v. Preuss*, No. 19-CV-2830, 2020 WL 1304084, at *2 (S.D.N.Y. Mar. 18, 2020) (quoting *In re Tampa Chain Co., Inc.*, 835 F.2d 54, 55 (2d Cir. 1987) (citations omitted)).

Factors that courts consider in deciding whether to dismiss an appeal for failure to prosecute include: (1) "the danger of prejudice to the debtor;" (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Veeraswamy v. Jones as Tr. of Estate of Veeraswamy*, No. 19-CV-2129, 2019 WL 6716714, at *1 (E.D.N.Y. Dec. 10, 2019) (quoting *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005)). "The Second Circuit has taken a 'hard line' in applying this test, and 'the burden of proving excusable neglect lies with the late-claimant.'" *Id.* (quoting *In re Enron Corp.*, 419 F.3d 115, 121-22 (2d Cir. 2005)). "[A]n appeal should be dismissed when failure to prosecute was 'inexcusable.'"

*Fetman v. Aish Hatorah of N.Y. Inc.,* No. 17-CV-1247, 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (quoting *Burton v. Schachter*, 99 F. App'x 333, 335 (2d Cir. 2004) (summary order)).

Dismissal is warranted in this case, which has been stalled for six months due to the appellant's failure to obtain counsel. I have given the appellant multiple extensions of time to engage counsel, often over the appellee's strenuous objections. (*See* Orders dated June 30, 2020, Aug. 28, 2020, and Sept. 11, 2020.) Moreover, I expressly warned the appellant that its failure to obtain counsel could result in the appeal being dismissed for failure to prosecute. *See Motors Liquidation Co.*, No. 19-CV-6668, 2020 WL 2765695, at *2 (S.D.N.Y. May 28, 2020) (dismissing action where the appellant was "given ample notice that continued disregard for the Court's scheduling orders would result in dismissal"). While I am sympathetic to the difficulties of litigation during the COVID-19 pandemic, I cannot continue to excuse the appellant's negligence in prosecuting this matter. *See Tampa Chain*, 835 F.2d at 56 ("bad faith, negligence, and indifference" are proper bases for dismissing a bankruptcy appeal for failure to prosecute).

## CONCLUSION

Accordingly, this bankruptcy appeal is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close this action.

SO ORDERED.

                                                s/Ann M. Donnelly
                                        ANN M. DONNELLY
                                        United States District Judge

Dated: Brooklyn, New York
       November 16, 2020